## No. 147.

### WILLIAM MAKESY *v.* MORAN, GALLOWAY & Co.

1. Where a debtor is attacked by one holding a formal subrogation from the original creditor, such debtor will not ordinarily be listened to raising issues of fraud and simulation as to such transfer or subrogation.
2. In no case can a transfer and subrogation be attacked for fraud without a special pleading of the fraud or simulation complained of.

*Appeal from the Civil District Court, Division D.   Righter, J.*

*Chas. S. Rice* for plaintiff, appellant.

*E. W. Huntington* for defendants.

McGLOIN, J.—Plaintiff sues for $761.87, balance due upon commissions for obtaining a cargo of cotton for the Bark Leopold. He claims as subrogee of Albert Shultz.   A writ of attachment

issued against defendants, as non-residents, and property was seized.

The question relative to admission of evidence under the second answer, the filing of which was not authorized by the court, is not a necessary one, as we do not find that the evidence so received establishes the averments of the amended answer.

There are other bills of exception, which are directed against the ruling of the Judge *a quo* in permitting the introduction of testimony going to establish fraud and simulation between Shultz and Makesy. The ruling complained of was clearly erroneous. Even a creditor of Shultz could not make such an attack without specially pleading the fraud or simulation complained of. Even if it be admitted, for the sake of argument, that *a debtor* can, without showing direct injury to himself, complain of such transactions upon the part of his creditor, yet he surely cannot escape the necessity of specially pleading the vices of which he complains.

The learned Judge *a quo* was also of opinion that the plaintiff had failed to substantiate his claim.

We have examined the evidence closely, and see no link missing in that which establishes the demand sued upon.

Judgment reversed, and a decree is now entered in favor of plaintiff for $761.87, with legal interest from judicial demand, and privilege upon the property attached, with costs in both courts.